UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-03431-AH-KESx | Date | October 14, 2026 |
| Title | *Estate of Ezekial Plaintiff, et al., v. County of Los Angeles, et al.* | | |

| | |
|---|---|
| Present: The Honorable | Anne Hwang, United States District Judge |

| | |
|---|---|
| Yolanda Skipper | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED**

Plaintiff's Opposition to Defendant's Motion to Dismiss states that *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) includes the quote: "[i]t is difficult to discern from the caselaw the quantum of allegations needed to survive a motion to dismiss a pattern and practice claim." Dkt. No. 23 at 14. Plaintiff's Opposition further states that this quotation has binding effect on this Court, arguing that "the court is forced to acknowledge that it is difficult to know precisely what level of pattern and practice is required to protect a claim." *Id.* at 15. This quotation does not appear in *Christie v. Iopa*. The Court's prior Order admonished Plaintiff for including this quotation in her briefing. Dkt. No. 16 n.7. Nevertheless, Plaintiff's Opposition includes the same quotation. Dkt. No. 23 at 14.

Federal Rule of Civil Procedure 11(b)(2) provides that by presenting to the Court a written motion, "an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," "the legal contentions are warranted by existing law." Plaintiff's continued citation and use of a quote that does not appear in the cited authority appears to violate Rule 11. Rule 11(c) provides that if "after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been

violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."

Accordingly, Plaintiff is **ORDERED** to show cause, in writing, by October 28, 2026, why the Court should not impose sanctions in the amount of $1,500.00. Failure to respond to the Order to Show Cause will result in the imposition of monetary sanctions without further notice.

**IT IS SO ORDERED.**